IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 8, 2003 Session

## WILLIAM HARWELL PERRY v. RICKI C. CHILDS PERRY

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Tipton County**
**No. 16,505     Martha B. Brasfield, Chancellor**

---

**No. W2001-01350-SC-R11-CV - Filed August 27, 2003**

---

We granted this appeal to determine the correct standard to be applied in modifying a temporary, open-ended award of rehabilitative alimony. We hold that a substantial and material change in circumstances must be shown in order to extend, or otherwise modify, such an award. Therefore, we reverse the judgment of the Court of Appeals, and we remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the Appellant, William Harwell Perry.

Julie D. Byrd and Tina Lum Perrusquia, Bartlett, Tennessee, for the Appellee, Ricki C. Childs Perry.

**OPINION**

**Factual Background**

William Harwell Perry and Ricki C. Childs Perry were divorced on November 16, 1998. In its Final Decree of Divorce, the Chancery Court of Tipton County ordered Mr. Perry to pay Ms. Perry rehabilitative alimony in the amount of $700 per month through December 31, 2000. The trial court did not make the award final, however, but expressly designated it as "temporary" and ordered the parties to return to court prior to December 31, 2000, to allow the court to determine whether the alimony award should be continued. In its final decree, the trial court listed a number of factors that it would consider in determining whether rehabilitative alimony would be continued, including Ms. Perry's needs, her return to school, her progress made at school, her grades, and any other relevant factors.

On November 3, 2000, Ms. Perry filed a petition to modify the final decree to continue alimony payments. On December 20, 2000, Mr. Perry filed a petition requesting a termination of rehabilitative alimony. A hearing was held on the petitions on March 1, 2001.

At the hearing, Ms. Perry testified that she was forty-seven years old and had graduated from high school. She worked as a seamstress and earned an annual income of $21,736. During the summer of 1999, Ms. Perry began attending community college classes to earn an associate's degree in engineering drafting. She testified that she had a 3.2 grade point average and would complete the program in five years if she maintained her current course load. Her affidavit of income and expenses reflected expenses of $2,154.25 per month.

Mr. Perry testified that he was also forty-seven years old and a high school graduate. He earned an annual income of $38,000 in 2000 as a dock worker and a part-time emergency medical technician. For the past three years, he had been living in a thirty-foot camper-trailer and kept his personal property in a rented space. On December 4, 2000, he sustained a leg injury and received workers' compensation benefits until late February, 2001.

On May 11, 2001, the trial court entered an order continuing Ms. Perry's alimony. Applying the factors enumerated in its final decree, the court awarded her three additional years of rehabilitative alimony: $550 per month from January 1, 2001, until June 30, 2002, and $400 per month from July 1, 2002, until December 31, 2003.

A majority of the Court of Appeals affirmed the trial court's judgment. The majority held that Ms. Perry's rehabilitative alimony award could be extended without proof of a substantial and material change in circumstances since the trial court's alimony award was not final but temporary and open-ended. Judge David R. Farmer filed a separate dissenting opinion. In his opinion, Judge Farmer stated that regardless of the nature of the award, Tennessee Code Annotated section 36-5-101(d)(2) requires a showing of a substantial and material change in circumstances to modify a rehabilitative alimony award.

We granted review to determine the correct standard to be applied in modifying the trial court's temporary, open-ended award of rehabilitative alimony.

## Standard of Review

Because modification of a spousal support award is factually driven, a trial court's decision to modify its award is given wide latitude within the trial court's range of discretion. See Watters v. Watters, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999). A trial court abuses its discretion only when it "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" Eldridge v. Eldridge, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999)). We shall presume the correctness of the trial court's factual findings so long as the evidence does not preponderate against them. See Tenn. R. App. P. 13(d); Crabtree v. Crabtree, 16 S.W.3d 356, 360 (Tenn. 2000). However, we

review the trial court's conclusions of law under a de novo standard with no presumption of correctness.  See Burlew v. Burlew, 40 S.W.3d 465, 470 (Tenn. 2001).

## Analysis

Under Tennessee Code Annotated section 36-5-101(d)(1), a court may award alimony to an economically disadvantaged spouse.  Once the trial court has found a party to be economically disadvantaged relative to his or her spouse, it must determine the nature, amount, length of term, and manner of payment of the award.  See Tenn. Code Ann. § 36-5-101(d)(1) (1996 & Supp. 2000).  In making these determinations, courts must consider "all relevant factors," including those set out in the statute.[1]  Id.  The two most important factors considered are the need of the disadvantaged spouse and the obligor spouse's ability to pay.  See Robertson v. Robertson, 76 S.W.3d 337, 342 (Tenn. 2002).  The statute also indicates the General Assembly's preference for awarding rehabilitative alimony rather than alimony in solido or periodic alimony.  See Tenn. Code Ann. § 36-5-101(d)(1) (1996 & Supp. 2000).

In awarding Ms. Perry rehabilitative alimony in the amount of $700 per month, the trial court considered the preference for rehabilitative alimony as well as Ms. Perry's need and Mr. Perry's ability to pay.  However, the trial court used a somewhat novel approach to decide the duration of the award.  Because the trial court was unsure of Ms. Perry's stated intent to return to school, it

---

[1] The following factors are enumerated in Tennessee Code Annotated section 36-5-101(d)(1):

(A)     The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(B)     The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C)     The duration of the marriage;

(D)     The age and mental condition of each party;

(E)     The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F)     The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G)     The separate assets of each party, both real and personal, tangible and intangible;

(H)     The provisions made with regard to the marital property as defined in § 36-4-121;

(I)     The standard of living of the parties established during the marriage;

(J)     The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K)     The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L)     Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101(d)(1) (1996 & Supp. 2000).

awarded her two years of support as a "temporary" award. The parties were ordered to return to court before the end of the two-year period. The trial judge would then review certain factors to determine whether the award should be continued. These factors included Ms. Perry's needs, her return to school, her progress made at school, her grades, and any other relevant factors.

Neither party appealed these provisions of the trial court's Final Decree of Divorce. Accordingly, the propriety of the temporary award is not properly before us. The present case arises from Mr. Perry's appeal of the trial court's May 11, 2001 order, which extended the decree's initial alimony award. We must therefore determine the standard to be applied in extending, or otherwise modifying, the trial court's temporary, open-ended award of rehabilitative alimony.

Tennessee Code Annotated section 36-5-101(d)(2) provides the standard for modifying a rehabilitative alimony award. This statute provides,

> An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances.

Tenn. Code Ann. § 36-5-101(d)(2) (1996 & Supp. 2000). Tennessee Code Annotated section 36-5-101(d)(2) places limitations on a court's ability to extend, or otherwise modify, its initial rehabilitative alimony award. In particular, it requires the court to make a finding that a substantial and material change in circumstances exists before the court may modify the award. In determining whether a substantial and material change in circumstances exists, a trial court must take into consideration the same factors that it considered in arriving at its initial alimony award, including the factors enumerated in Tennessee Code Annotated section 36-5-101(d)(1). See Watters v. Watters, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999).

We decline to hold that the "temporary" nature of the trial court's award of rehabilitative alimony requires less than a finding of a substantial and material change in circumstances. All awards of rehabilitative alimony are, by definition, temporary and open-ended. These awards provide alimony for a limited period of time and are subject to modification. Tennessee Code Annotated section 36-5-101(d)(2) specifically states that the award remains in the control of the trial court for its duration. An award of rehabilitative alimony that attempts to reserve the right to modify the award is an award that may be "increased, decreased, terminated, extended, or otherwise modified." Tenn. Code Ann. § 36-5-101(d)(2) (1996 & Supp. 2000). Any such modification requires a "substantial and material change in circumstances." We express no opinion, however, as to the propriety of the trial court's original award of rehabilitative alimony.[2]

---

[2] When a court awards rehabilitative alimony under Tennessee Code Annotated section 36-5-101(d)(1), it must consider the listed factors to determine the amount of time it will take to rehabilitate the economically disadvantaged spouse. See Tenn. Code Ann. § 36-5-101(d)(1) (1996 & Supp. 2000); Burlew v. Burlew, 40 S.W.3d 465, 470-71 (Tenn. 2001) (stating that the purpose of rehabilitative alimony is to "aid the disadvantaged spouse to become and remain self-

(continued...)

We hold that the standard for modifying an award of rehabilitative alimony, which is set out in Tennessee Code Annotated section 36-5-101(d)(2), applies to the trial court's alimony award in this case. We therefore remand the case to the trial court to determine whether a substantial and material change in circumstances has been shown.

**Conclusion**

We hold that a substantial and material change in circumstances must be shown in order to extend, or otherwise modify, the trial court's temporary, open-ended alimony award. Therefore, we reverse the judgment of the Court of Appeals, and we remand the case to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Ricki C. Childs Perry, and her surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[2](...continued)
sufficient"). A "temporary" award may run afoul of Tennessee Code Annotated section 36-5-101(d)(1) if the duration of the award bears little relationship to the factors set forth in the statute.