IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 15, 2003 Session

# ROSE MARIE HARPER BRITT v. ELMER LEE BRITT

**Direct Appeal from the Chancery Court for Madison County**
**No. 58837      Joe C. Morris, Chancellor**

---

**No. W2003-00430-COA-R3-CV - Filed December 17, 2003**

---

This appeal arises from a divorce action in which the trial court granted wife an absolute divorce and open-ended rehabilitative alimony, ordered the parties marital property sold and the assets divided, and entered a parenting plan submitted by wife. We affirm in part, modify in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Modified in part; Reversed in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

K. Don Bishop, Henderson, Tennessee, for the appellant, Elmer Lee Britt.

Mary Jo Middlebrooks and Betty S. Scott, Jackson, Tennessee, for the appellee, Rose Marie Harper Britt.

## OPINION

Rose Marie Harper Britt ("Wife") and Elmer Lee Britt ("Husband") were married in March 1974. One child was born of the marriage in July 1986. In August 2001, Wife filed a complaint for absolute divorce based on irreconcilable differences and inappropriate marital conduct. Husband answered and counter-claimed on the grounds of inappropriate marital conduct in March 2002.

The matter was heard on July 30, 2002. On August 29, 2002, the court notified the parties' attorneys, by letter, of its ruling. The court awarded Wife a divorce on the grounds of inappropriate marital conduct. The court found the parties could not reach a satisfactory agreement regarding the division of property, and ordered it to be sold and the proceeds divided. It also ordered Husband to pay Wife rehabilitative alimony of $800 per month until further orders of the court, and referenced a previously approved parenting plan.

Husband's attorney filed a motion to withdraw from the lawsuit on November 5, 2002. However, the court did not grant the motion until February 18, 2003, when it entered an agreed order allowing substitution of counsel for Husband.

In January 2003, Wife's attorney submitted an order of absolute divorce and mediated parenting plan to the court. Wife's attorney informed the court that she had forwarded these documents to Husband's attorney on November 7, 2002. She further informed the court that she had made several requests for responses from Husband's attorney, but had received none.

The court entered the order for absolute divorce and permanent parenting plan on January 24, 2003. The final order reiterated the terms of the court's August 2002 ruling, ordered each party to pay their own attorney's fees, and ordered Husband to pay the costs of the cause. Husband filed a timely appeal to this Court.

### *Issues Presented*

Husband raises the following issues for review by this Court:

(1)     Whether the parenting plan entered by the court without a hearing in January 2003 supersedes a parenting plan that was approved but not entered in July 2002.

(2)     Whether the court erred by awarding rehabilitative alimony to Wife without setting a termination date.

(3)     Whether the rehabilitative alimony award is excessive.

(4)     Whether the trial court erred by ruling the parties' property could not be divided and must be sold.

(5)     Whether the trial court erred in entering the Order for Absolute Divorce without the approval of Husband or his attorney.

Wife requests attorney's fees and costs incurred on appeal.

### *Standard of Review*

To the extent these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Sullivan v. Sullivan*, 107 S.W.3d 507, 509 (Tenn. Ct. App. 2002). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* at 510. With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Id.*

## *Parenting Plan*

Husband submits the trial court erred by entering a parenting plan which differed from a plan previously agreed by the parties and approved by the court in July 2002. Upon review of the two plans, we find the only substantive difference to be the amount of child support to be paid by Husband. The parenting plan entered by the court in January 2003 set child support at $655 per month. The plan agreed upon in July 2002 provided for child support of $580 per month.

Husband does not argue that the amount of child support set in the January 2003 order deviates from the statutory guidelines, or that the court erred in calculating his income in determining child support. Further, the amount of child support set by the trial court has not been raised as an issue on appeal. Thus any error in entering one parenting plan over the other is harmless. We affirm the parenting plan as entered in January 2003.

## *Alimony Award*

Husband contends that although the trial court properly awarded Wife rehabilitative alimony, it erred by leaving the duration of the award open-ended. Wife, on the other hand, submits the award was within the trial court's discretion and, further, that the court properly should have awarded her alimony *in futuro*. We agree with wife that alimony *in futuro* is appropriate in this case, and accordingly modify the trial court's award.

We begin our analysis of this issue by noting that, contrary to Wife's assertion, this Court's opinion in *Perry v. Perry*, No. W2001-01350-COA-R3-CV, 2002 WL 1751407 (Tenn. Ct. App. March 21, 2002)(Farmer, J., dissenting), *rev'd*, 114 S.W.3d 465 (Tenn. 2003), does not stand for the proposition that a court may award rehabilitative alimony without setting a duration for the award. In *Perry*, the trial court awarded Ms. Perry rehabilitative alimony for a period of two years, and ordered the parties to return to court before the end of that time for a review of the award. *Perry*, 114 S.W.3d at 468. The issue on appeal in *Perry* was whether a showing of a substantial and material change of circumstance was required to modify the award. The Tennessee Supreme Court reversed this Court, holding that, although the trial court retains jurisdiction to modify an award of rehabilitative alimony for the duration of the award, such modification requires a showing of substantial and material change of circumstance. *Id.* Both this Court and the Tennessee Supreme Court, however, specifically declined to opine on the propriety of the original award of rehabilitative alimony. *Id.* Thus the reasoning of *Perry* is inapplicable to this case. Further, in light of our conclusion that alimony *in futuro* is appropriate in this case, we decline to address the issue of whether a trial court may properly award rehabilitative alimony without setting a specific duration for the award.

Despite the preference for rehabilitative alimony, after reviewing the record before us, we believe an award of alimony *in futuro* is appropriate in this case. These parties were married in 1974, when Wife was sixteen years of age. They were married for twenty-eight years and have one child. During the course of the marriage, Wife was primarily a homemaker, although she worked

intermittently part-time as a substitute teacher and teacher's aide. Wife has a high-school education, and currently works at Wal-Mart earning approximately $7.28 per hour. Wife testified that her hours at Wal-Mart are limited to twenty-five per week because of Wal-Mart's cut-backs on payroll. Husband testified that his gross income from his employment as a mechanic at Sonoco and farming is in excess of $50,000 per year. We accordingly modify the award of alimony to Wife to an award of alimony *in futuro*. We remand for a determination of the amount of alimony in accordance with the factors enumerated in Tenn. Code Ann. § 36-5-101(d)(1). In light of the foregoing, it is unnecessary for us to address Husband's assertion that the amount of the alimony award was excessive.

### *Division of Property*

Both Husband and Wife submit the trial court erred by ordering the property in this case sold, rather than dividing the property. As we perceive it, the primary dispute here concerns who should receive a new home on Liberty Road, which is mortgaged for $91,500, and who should receive an older, but debt-free, home on Willoughby Road. Both parties submit they should receive the Liberty Road home. The order of the trial court reads:

> The Court has not been able to reach a satisfactory conclusion from the proposals presented in the above cause. Therefore, all property, both real and personal, will be sold and the cash derived therefrom will be divided equally between the parties.

The trial court further ordered that debts of $91,591.91 to Farm Credit Services and $2,979.89 to WFS Financial would be paid out of proceeds from the sale.

We agree with the parties that this is unsatisfactory. Although under Tenn. Code Ann. § 36-4-121 it is within the discretion of the trial court to order the sale of property, we do not believe this case calls for the sale of all property, both real and personal. Moreover, the court has made no findings regarding what property, if any, is separate property. Although the equities of this case might require the sale of the parties' real property, we do not believe equity demands the sale of all property, both real and personal. Moreover, we believe the totality of the property can be divided in such a way as to be equitable to both parties upon application of the statutory considerations. We accordingly reverse the order requiring the sale of all property. We remand for a determination of what property, if any, is separate property, and for an equitable division of property pursuant to Tenn. Code Ann. §36-4-121.

### *Conclusion*

We affirm the trial court's judgment awarding Wife an absolute divorce and the parenting plan as entered in January 2003. We modify the award of rehabilitative alimony to Wife to an award of alimony *in futuro*, and remand for a determination of the amount of alimony. We reverse the order requiring all property of the parties sold, and remand for an equitable division of property.

In light of our holdings on the foregoing, the propriety of the entry of the absolute divorce without Husband's approval is pretermitted. We decline Wife's request for attorney's fees. Costs of this appeal are taxed to the appellant, Elmer Lee Britt, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE