# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2016 Session

# BATTERY ALLIANCE, INC. ET AL. v. ALLEGIANT POWER, LLC ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH-14-1532-2     Jim Kyle, Chancellor

---

### No. W2015-02389-COA-R3-CV – Filed January 30, 2017

---

In this dispute among competing battery distribution companies, the plaintiff companies appeal the trial court's grant of summary judgment in favor of the defendant company and its employees. The plaintiffs also appeal the trial court's denial of their motion to dismiss the defendant company's counterclaim on jurisdictional grounds. Having determined that the trial court granted summary judgment without stating the legal basis for its decision prior to instructing the defendants' counsel to prepare a template for the court's order, we conclude that the trial court failed to fully comply with the procedural requirements of Tennessee Rule of Civil Procedure 56.04. We therefore vacate the trial court's order granting summary judgment in favor of the defendants and denying the plaintiffs' motion to compel discovery. We affirm the trial court's denial of the plaintiffs' motion to dismiss the defendant company's counterclaim. We remand to the trial court for further proceedings consistent with this opinion, including a determination of the defendants' motion for summary judgment in compliance with Rule 56.04 and of the plaintiffs' motion to compel discovery.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed in Part, Vacated in Part; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Bruce S. Kramer, Amy E. Strickland, and Martha C. Burgett, Memphis, Tennessee, for the appellants, Battery Alliance, Inc., and Allegiant Power, LLC, a Tennessee Limited Liability Company.

Richard D. Underwood and Henry B. Talbot, Memphis, Tennessee, for the appellees, Allegiant Power, LLC, a Florida Limited Liability Company; Tom Wilson; Sam Fox; Tim Weyandt; Noel Sutton; Carleen Dinwiddie; Brandy Davis; and Eric Burrus.

# OPINION

## I. Factual and Procedural Background

Prior to May 2014, the individual defendants, Tom Wilson, Sam Fox, Tim Weyandt, Noel Sutton, Carleen Dinwiddie, Brandy Davis, and Eric Burrus (collectively, "the Individual Defendants"), were employed by Battery Alliance, Inc. ("Battery Alliance"). The record reflects that no employment contract and no covenant not to compete existed between the Individual Defendants and Battery Alliance. Battery Alliance is a Tennessee corporation in the business of providing batteries and battery-related products to its "customer-members" throughout the United States.

Mr. Wilson began working for Battery Alliance in 2000 and became President of the corporation in 2012 after the death of his father, who had been President. Mr. Wilson's mother, Diane Wilson, became majority shareholder following her husband's death. Mr. Wilson served as President of the corporation from 2012 until April 2014. Based on the parties' pleadings, there appears to be a dispute as to whether Mr. Wilson's removal from his position as President of the company in April 2014 was voluntary or involuntary. Nonetheless, Mr. Wilson maintained employment with Battery Alliance until June 16, 2014, when he voluntarily resigned from the company. On May 7, 2014, Mr. Fox resigned from his position as Vice President of Sales and from his employment with Battery Alliance.

Mr. Wilson and Mr. Fox founded Allegiant Power, LLC, a Florida limited liability company ("Florida Allegiant Power"). The record reflects a dispute regarding the exact date on which Florida Allegiant Power was established. Similar to Battery Alliance, Florida Allegiant Power acts as a "middlem[a]n" between its vendors and member-customers to provide batteries and battery-related products throughout the United States. By June 23, 2014, the remaining Individual Defendants had resigned from Battery Alliance. They subsequently joined Mr. Wilson and Mr. Fox at Florida Allegiant Power. In August 2014, with knowledge of the existence of Florida Allegiant Power, Diane Wilson founded Allegiant Power, LLC, a Tennessee limited liability company ("Tennessee Allegiant Power"). Ms. Wilson acknowledged during her deposition testimony that Tennessee Allegiant Power had never conducted business under its filed name and that Ms. Wilson remained its sole "employee."

Battery Alliance and Tennessee Allegiant Power (collectively, "Plaintiffs") filed a complaint on October 17, 2014, against Florida Allegiant Power and the Individual Defendants (collectively, "Defendants"), alleging (1) infringement for use of the name "Allegiant Power" in the state of Tennessee; (2) breach of fiduciary duty of loyalty; (3)

intentional interference with business relationships; (4) civil conspiracy; (5) violation of the Tennessee Consumer Protection Act, codified at Tennessee Code Annotated §§ 47-18-101 to -131 (2013 and Supp. 2016); (6) use and disclosure of trade secrets and confidential proprietary information; (7) conversion; (8) violation of the Computer Fraud and Abuse Act, codified at 18 U.S.C.A. § 1030 (2000 and Supp. 2010); and (9) "unfair competition/trade dress infringement in violation of the Lanham Act," codified at 15 U.S.C.A. § 1051 *et seq.* (2009). Plaintiffs sought damages and injunctive relief to prohibit Defendants from (1) conducting business under the name "Allegiant Power"; (2) contacting any customer or vendor with whom they had contact while they were still employed by Battery Alliance; (3) contacting any employee of Battery Alliance for the purpose of soliciting or recruiting such employee "to work with or for Defendants in any capacity"; (4) using any property of Battery Alliance; and (5) disseminating, disclosing, or using information they learned while employed with Battery Alliance.

On December 8, 2014, Defendants filed an answer to the complaint, denying all substantive allegations and asserting multiple defenses. Acting separately, Florida Allegiant Power concomitantly filed a counterclaim, alleging that Plaintiffs, with knowledge that Florida Allegiant Power was doing business as "Allegiant Power, LLC," acted with "malice and malicious intent" by filing organizational papers in the State of Tennessee that prevented Florida Allegiant Power from "enrolling to do business in the State of Tennessee." In its counterclaim, Florida Allegiant Power also requested damages and "an order that [Tennessee] Allegiant Power's State of Tennessee filings be deemed invalid or remain valid and belong to [Florida] Allegiant Power, LLC." Four of the Individual Defendants–Tom Wilson, Sam Fox, Eric Burrus, and Tim Weyandt–also filed a counterclaim, alleging that Battery Alliance "wrongfully refused to pay certain individual defendants salaries/wages earned prior to their resignation from [Battery Alliance]." These Defendants requested damages in favor of the individuals not paid, plus treble damages, attorney's fees, and costs.

Discovery commenced on November 18, 2014, when Plaintiffs propounded interrogatories, a request for production of documents, and requests for admission to Defendants. Defendants responded to several discovery requests on December 8, 2014; December 9, 2014; and December 19, 2014.

On January 8, 2015, Plaintiffs filed a motion to dismiss Florida Allegiant Power's counterclaim against them, alleging that Florida Allegiant Power was not authorized to do business in Tennessee and was thereby precluded from maintaining a lawsuit in Tennessee pursuant to Tennessee Code Annotated § 48-246-601(a). Plaintiffs also filed an answer in response to Defendants' respective counterclaims against them, denying all substantive allegations.

3

On April 29, 2015, Defendants responded to additional discovery requests, which they later supplemented on May 29, 2015. Defendants filed a motion for summary judgment on May 26, 2015, asserting that "there is no issue of material fact and that Defendants are entitled to judgment as a matter of law" and that "Plaintiffs' evidence is insufficient to establish and Plaintiffs cannot prove the required elements of their claims." Defendants contemporaneously filed a memorandum of law and statement of undisputed material facts in support of their motion for summary judgment. On June 19, 2015, Plaintiffs filed a motion for an extension of time to respond to Defendants' motion for summary judgment. The trial court granted the extension on July 8, 2015, while also granting Plaintiffs leave to take depositions.

Plaintiffs filed a motion to compel discovery on June 19, 2015, requesting, *inter alia*, that the trial court order Defendants to produce communications between Defendants and Plaintiffs' competitors, vendors, and customer-members taking place from January 1, 2014, through July 30, 2014. In response to the motion to compel discovery, Defendants stated that they had answered the relevant portion of the respective interrogatory request and that the remaining request was (1) seeking irrelevant information, (2) unlikely to lead to the discovery of admissible evidence, (3) overly broad, or (4) pursuing information already in the possession or control of Plaintiffs. The trial court heard the Plaintiffs' motion to compel on June 26, 2015, and entered an order denying Plaintiffs' request on July 1, 2015. On August 13, 2015, Plaintiffs filed both a "Memorandum in Response to Defendants' Motion for Summary Judgment" and a "Plaintiffs' Statement of Additional Facts." Defendants subsequently filed a reply in support of their motion for summary judgment. Plaintiffs then filed a supplemental response and a second supplemental response to Defendants' statement of undisputed facts.

Meanwhile, on July 17, 2015, Plaintiffs sent "Notices of Deposition *Duces Tecum*" to all individual defendants, requesting that they appear for depositions and produce all communications between Defendants and Plaintiffs' competitors, vendors, and customer/members taking place from June 1, 2014, through June 30, 2014. According to Plaintiffs, the individual defendants participated in depositions but did not produce the requested documents. Plaintiffs filed their second motion to compel on August 19, 2015, the day prior to the hearing on the motion for summary judgment and motion to dismiss.

On August 20, 2015, the trial court heard arguments regarding the motion to dismiss filed by Plaintiffs and the motion for summary judgment filed by Defendants.[1]

---

[1] As explained, the motion to compel was filed the day before the scheduled hearing regarding the Defendants' motion for summary judgment and Plaintiffs' motion to dismiss. The trial court did not hear arguments regarding the motion to compel on August 20, 2015, but scheduled the hearing on Plaintiffs'

4

The court denied Plaintiffs' motion to dismiss and took the motion for summary judgment under advisement. On August 21, 2015, the judicial law clerk for the court, at the behest of the chancellor, informed the parties' counsel via electronic mail that the court had made its decision and intended to grant Defendants' motion for summary judgment "based on the briefs and the argument." In that communication, the attorneys for Defendants were instructed to "draw up the order."

Upon subsequently appearing before the trial court for hearing on the motion to compel, counsel for Plaintiffs requested that the court provide its legal reasoning supporting the decision to grant Defendants' motion for summary judgment prior to entry of the judgment. The transcript reflects that the court did not provide specific reasons but informed counsel that the legal reasoning would be provided in the court's order. The trial judge informed the parties that counsel for Defendants was preparing only a "template" for the court's order and that the actual court order entered would be the court's "work." The trial court denied the Plaintiffs' second motion to compel, determining that additional discovery was not necessary because the court had already announced its intention to grant Defendants' motion for summary judgment. An order memorializing the trial court's dismissal of Plaintiffs' second motion to compel was entered thereafter.

On September 17, 2015, at the request of the trial court, counsel for Defendants emailed to the court and Plaintiffs' counsel the template prepared for the court's order granting the summary judgment motion. Plaintiffs did not prepare a template for the court but instead filed an objection to the template prepared by Defendants' counsel. On September 23, 2015, the trial court entered its "Opinion and Order Granting Defendants' Motion for Summary Judgment." The court entered a judgment certified as final pursuant to Tennessee Rule of Civil Procedure 54.02 on October 29, 2015. Plaintiffs timely appealed.

## II. Issues Presented

1. Whether the trial court erred by denying Plaintiffs' motion to dismiss the counterclaim filed by Florida Allegiant Power.

2. Whether the trial court erred by failing to comply with the procedures regarding summary judgment set forth in Tennessee Rule of Civil Procedure 56.04.

---

second motion to compel discovery for August 28, 2015.

3.      Whether the trial court erred by denying Plaintiffs' second motion to compel discovery after the court had announced its decision to grant the motion for summary judgment in favor of Defendants.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348 [1986]. The nonmoving party must demonstrate the existence of specific

6

facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65 (emphasis in original). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

A trial court's determinations regarding pre-trial discovery, including motions to compel, are reviewed under an abuse of discretion standard. *See West v. Schofield*, 460 S.W.3d 113, 120 (Tenn. 2015). As our Supreme Court has explained:

An abuse of discretion occurs when a court strays beyond the framework of the applicable legal standards or when it fails to properly consider the factors customarily used to guide that discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). Discretionary decisions must take the applicable law and relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Thus, reviewing courts will set aside a discretionary decision only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003).

*Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). A trial court's discretionary decision will be upheld on appeal unless the trial court failed to apply the correct legal standard or the decision is clearly unreasonable. *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001).

As our Supreme Court has elucidated with regard to motions seeking dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6):

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (quoting *White v. Revco Dist. Drug Ctrs., Inc.*, 33 S.W.3d 713,718 (Tenn. 2000)) (other internal citations omitted).

## IV. Denial of Motion to Dismiss Counterclaim

Plaintiffs contend that the trial court erred by denying their motion to dismiss Florida Allegiant Power's counterclaim pursuant to Tennessee Rule of Civil Procedure 12.02(6). Plaintiffs specifically argue that Florida Allegiant Power lacks standing to pursue a counterclaim against Plaintiffs because Florida Allegiant Power is conducting business within Tennessee without a certificate of authority pursuant to Tennessee Code Annotated § 48-246-601(a). Florida Allegiant Power, however, asserts that its lack of a certificate of authority does not preclude the defending of the action filed against it. Upon careful review, we determine that the trial court did not err in denying Plaintiffs' motion to dismiss Florida Allegiant Power's counterclaim.

Plaintiffs filed their motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), which provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in

8

the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing:

* * *

> (6) failure to state a claim upon which relief can be granted[.]

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof." *See Trau-Med*, 71 S.W.3d at 696. We stress again that in reviewing the grant or denial of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, we must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *Id.*

Regarding limited liability companies, Tennessee Code Annotated § 48-246-601(a) (2012) provides in pertinent part:

> (a)    A foreign LLC transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

> * * *

> (f)    Notwithstanding subsections (a) and (b), the failure of a foreign LLC to obtain a certificate of authority does not impair:

> * * *

> > (3)    The foreign LLC from defending any action, suit, or proceeding in any court of the state of Tennessee.

Tennessee Code Annotated § 48-246-102 (2012) further provides in relevant part:

> (a)    The following activities of a foreign LLC, among others, do not constitute transacting business within the meaning of this chapter or § 48-247-110:

> > (1)    Maintaining, defending, or settling any proceeding, claim, or dispute[.]

Upon consideration of Plaintiffs' motion to dismiss Florida Allegiant Power's counterclaim, the trial court denied the motion. Because Florida Allegiant Power was merely asserting its counterclaim as a defense to the action filed against it by Plaintiffs, we discern no error in the trial court's denial of Plaintiffs' motion to dismiss.

This Court addressed a similar issue with regard to foreign corporations in the case of *Arcata Graphics Co. v. Heidelberg Harris, Inc.*, 874 S.W.2d 15, 22 (Tenn. Ct. App. 1993), wherein the defendant was a foreign corporation that had been sued in a Tennessee court. The foreign corporation did not possess a certificate of authority allowing it to conduct business in the State of Tennessee pursuant to Tennessee Code Annotated § 48-25-101.[2] *Arcata Graphics* at 22. In response to the action filed against it in Tennessee, the foreign corporation filed a counterclaim against the plaintiff. *Id.* The *Arcata Graphics* plaintiff argued that the counterclaim against it should be dismissed because the foreign corporation was prohibited from maintaining suit in Tennessee pursuant to Tennessee Code Annotated § 48-25-102(a).[3] *Id.* This Court determined the plaintiff's argument to be without merit because the defendant "ha[d] been sued in Tennessee courts and was merely asserting as a defense a counterclaim, which arose out of the same transaction." *Id.*

Likewise, in the case at bar, we determine that Florida Allegiant Power was merely asserting the counterclaim as a defense to the action filed against it in the Tennessee court. *See id.* Therefore, the trial court did not err in denying Plaintiffs' motion to dismiss Defendants' counterclaim pursuant to Tennessee Code Annotated §§ 48-246-102 and -601(a).

---

[2] Tennessee Code Annotated § 48-25-101, which pertains to foreign corporations, is substantially similar to Tennessee Code Annotated § 48-246-102, which governs foreign limited liability companies. Tennessee Code Annotated § 48-25-101 provides in pertinent part:

    (a)    A foreign corporation, except a foreign insurance corporation subject to title 56, may not transact business in this state until it obtains a certificate of authority from the secretary of state.

    (b)    The following activities, among others, do not constitute transacting business within the meaning of subsection (a):

        (1)    Maintaining, defending, or settling any proceeding, claim, or dispute[.]

[3] Tennessee Code Annotated § 48-25-102(a), which pertains to foreign corporations, is substantially similar to Tennessee Code Annotated § 48-246-106(a), which governs foreign limited liability companies. Tennessee Code Annotated § 48-25-102(a) provides in pertinent part:

    (a)    A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

## V. Summary Judgment

Plaintiffs contend that the trial court erred by failing to comply with the procedure set forth in Tennessee Rule of Civil Procedure 56.04 when granting summary judgment in favor of Defendants. Specifically, Plaintiffs argue that the trial court did not announce its legal basis and reasoning supporting the grant of Defendants' motion for summary judgment prior to directing Defendants' counsel to draft the proposed order or template for the court's order. Defendants assert that "it is against the interests of judicial economy to remand this case just so that the trial court may enter another order that will likely substantially reflect the order on appeal now." They posit that the template prepared by counsel "promoted the expeditious disposition of a case that had proceeded long enough . . . ." Having carefully reviewed the record, we agree with Plaintiffs that the trial court failed to adhere to Tennessee Rule of Civil Procedure 56.04.

Tennessee Rule of Civil Procedure 56.04 provides in pertinent part: "The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." In addressing similar circumstances concerning a grant of summary judgment, our Supreme Court explained the importance of providing legal reasoning for a court's decision:

> The essential purposes of courts and judges are to afford litigants a public forum to air their disputes, and to adjudicate and resolve the disputes between the contending parties. To carry out these purposes, judges must arrive at their decisions by applying the relevant law to the facts of the case. Because making these decisions is a "high judicial function," a court's decisions must be, and must appear to be, the result of the exercise of the trial court's own judgment.

> The manner in which judges arrive at their decisions "gives formal and institutional expression to the influence of reasoned argument in human affairs." In addition to expecting judges to be "fair, impartial, and engaged," the litigants, the bench and bar, and the public expect them to explain why a particular result is correct based on the applicable legal principles.

> Providing reasons for a decision reinforces the legitimacy of the legal process which, in turn, promotes respect for the judicial system. As Judge Richard Nygaard has noted with regard to judicial opinions:

>> Judicial opinions are the core work-product of judges. They are much more than findings of fact and conclusions of law;

11

they constitute the logical and analytical explanations of why a judge arrived at a specific decision. They are tangible proof to the litigants that the judge actively wrestled with their claims and arguments and made a scholarly decision based on his or her own reason and logic.

*Bright v. Westmoreland Cnty.,* 380 F.3d 729, 732 (3d Cir. 2004).

*Smith*, 439 S.W.3d at 312-13 (other internal citations omitted).

As in the instant action, the trial court in *Smith* ruled on the parties' summary judgment motions without providing the legal reasoning behind the trial court's decision. *See id.* at 312. The trial court in *Smith* then requested that the parties' respective counsel draft proposed orders addressing the issues for which each prevailed regarding the summary judgment motions, specifically directing the attorneys to "prepare the order and the rationale for the [trial court's] ruling." *Id.* at 309. Later, the *Smith* defendant filed a renewed motion for summary judgment, which was granted. *Id.* at 310. In its ruling from the bench, the *Smith* trial court stated in relevant part: "I'm directing the [defendant] to prepare the order and to establish the rationale for the [c]ourt's ruling in quite specific detail, and let this go forward as quickly as possible to the [a]ppellate [c]ourt." *Id.* at 311.

In *Smith*, our Supreme Court held:

Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order. Not only will this requirement assure that the decision is the trial court's, it will also (1) assure the parties that the trial court independently considered their arguments, (2) enable the reviewing courts to ascertain the basis for the trial court's decision, and (3) promote independent, logical decision-making.

*Id.* at 316-17 (emphasis added) (citations omitted).

The Supreme Court also provided guidance to trial courts to assist in compliance with the requirement set forth in *Smith*:

A trial court may comply with this requirement in a number of ways. First, the trial court may state the grounds for its decision at the same time it announces its decision on the record. Second, the trial court may announce its decision and inform counsel that it will provide the grounds in a

subsequently filed memorandum or memorandum opinion. Third, after announcing its decision, the trial court may notify the parties of the grounds for its decision by letter, as long as the letter has been provided to all parties and has been made part of the record.

*Id.* at 317 n.28. Ultimately, the Supreme Court in *Smith* vacated the trial court's judgment and remanded the matter to the trial court for further proceedings after determining that "the trial court failed to perform the 'high judicial function' required by Tenn. R. Civ. P. 56.04" and that the record failed to demonstrate that the grounds provided in the court's orders "were the product of the trial court's own independent judgment." *Id.* at 312, 318.

In the present case, Defendants cite to the case of *Huggins v. McKee*, 500 S.W.3d 360 (Tenn. Ct. App. 2016) *perm. app. denied* (Tenn. Sept. 22, 2016), in their responsive brief as "a factually analogous scenario." In *Huggins*, the trial court failed to provide the legal reasoning behind its decision to grant summary judgment. *Huggins*, 500 S.W.3d at 366. However, we determine *Huggins* to be highly distinguishable from the present case. In *Huggins*, the case had been awaiting a disposition for nearly a decade. *Id.* The *Huggins* Court recognized that the trial court's practice was "not fully compliant with the letter and spirit of *Smith*," but exercised its discretion to proceed with the merits of the appeal "[i]n the interest of providing the parties to this case a final resolution of the issues." *Id.* The *Huggins* Court also cautioned litigants and trial courts that the Court may choose not to exercise this discretion in future cases. *Id.* at 366-67.

We determine the case at bar to be more closely aligned with this Court's decision in *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 WL 6773544, at *3 (Tenn. Ct. App. Nov. 6, 2015), wherein this Court declined to exercise its discretion to address the merits of the appeal and vacated the trial court's grant of summary judgment. In *McEarl*, the trial court ruled at the close of a hearing that it was granting the defendant's motion for summary judgment without providing any factual findings or legal grounds for its decision. *McEarl*, 2015 WL 6773544, at *3. Subsequently, the trial court directed the parties to prepare competing proposed orders before ultimately adopting the proposed order prepared by the defendant. *Id.* Relying on *Smith*, this Court in *McEarl* determined that the trial court had not complied with Tennessee Rule of Civil Procedure 56.04 and ultimately vacated the trial court's judgment. *Id.*

In the case at bar, the trial court considered legal arguments by counsel regarding Defendants' motion for summary judgment during a hearing on August 20, 2015. The trial court then took the matter under advisement. On August 21, 2015, the trial court caused an electronic mail message to be sent to the parties' respective attorneys,

13

announcing the court's intention to grant summary judgment in favor of Defendants. The communication provided in pertinent part:

> The Chancellor advised me to get in touch with you to say that he has decided to grant Defendants' Motion for Summary Judgment based on the briefs and the argument. He has also advised [Defendants' counsel] and his co-counsel to draw up the order.

The trial court did not provide or state the legal grounds upon which its decision was based prior to directing counsel to prepare the order. During a subsequent hearing on August 28, 2015, Plaintiffs' counsel requested that the trial court provide the legal reasoning supporting the decision to grant summary judgment in favor of Defendants. The trial court did not explain the legal reasoning underpinning its decision prior to entering its judgment. On August 28, 2015, the trial court informed the parties that counsel for Defendants was preparing only a template for the court's order and that the court order entered would be the work product of the court. As reflected by the following discussion between Plaintiffs' counsel and the trial court, counsel for Defendants did not know the legal reasoning for the grant of summary judgment when submitting the template:

| Counsel for Plaintiffs: | My point is that although opposing counsel can draft an order, he does not know your legal grounds for the grant of summary judgment. |
|---|---|
| Trial Court: | He absolutely doesn't. And I will put that part in the order. He is drawing a template for me just like you can if you wish. |
| | All I did was, like we're doing on every other motion this morning and how we've done for the last year, prevailing side helps the Court draft the order. I mean, he's going to draw . . . what he thinks a template, and we're going to adjust it. It will be my work. Good day. |

The record contains the template prepared and submitted by Defendants' counsel. Although there are slight differences, the template prepared by Defendants' counsel appears very similar to the Opinion and Order Granting Defendants' Motion for Summary Judgment entered by the court on September 25, 2015. During the August 28, 2015 hearing, the trial court acknowledged that although Defendants' counsel did not have knowledge of the legal grounds upon which the trial court was basing its decision,

14

the court would adjust the "template" so as to supply the basis for the summary judgment ruling. The template prepared by Defendants' counsel contained specific legal reasoning supporting the trial court's decision to grant summary judgment in favor of Defendants, which reasoning the trial court substantially adopted in its opinion and order. We also emphasize that although the judgment entered by the trial court includes language that the order represented an "independent analysis of the Court," which we respect and accept as true, the legal reasoning adopted through the court's independent analysis was not communicated to counsel <u>before</u> the prevailing party was requested to draft the prepared order.

Upon our thorough review of the record, we determine that the trial court did not provide the legal reasoning supporting its decision to grant Defendants' motion for summary judgment <u>prior to</u> requesting counsel to draft and submit a proposed order or template for the order. *See Smith*, 439 S.W.3d at 316-17. Because the trial court failed to fully comply with Tennessee Rule of Civil Procedure 56.04, we vacate the trial court's order granting summary judgment. *See id.* at 312-18.

## VI. Motion to Compel Discovery

Plaintiffs argue that the trial court erred in denying their second motion to compel discovery. In its order denying Plaintiffs' motion to compel, the trial court found in pertinent part:

> The Court stated at the hearing on August 28, 2015 that the Court, as the Parties had previously been informed on August 21, 2015, intended to grant the Motion for Summary Judgment; however, the Court had yet to file its order. Since the Court intended to grant summary judgment, the Court felt that additional discovery was not warranted on the matter.

Thus, the trial court relied on the grant of summary judgment when denying Plaintiffs' motion to compel, declining to allow further discovery because the court had previously announced its intention to grant summary judgment in favor of Defendant. Inasmuch as we have determined that the trial court's judgment granting summary judgment in favor of Defendants must be vacated, we also vacate the trial court's denial of Plaintiffs' motion to compel and remand for consideration on the merits. *See, e.g., Billingsley v. Waggener*, No. M2001-01015-COA-R3-CV, 2002 WL 12990, at *5 (Tenn. Ct. App. Jan. 4, 2002) ("Because we vacate the grant of summary judgment to Defendant, Plaintiff's motion in limine is no longer moot. We decline to decide this issue on appeal without the benefit of a ruling by the Trial Court on the merits of this motion.").

## VII. Conclusion

For the reasons stated above, we vacate the trial court's grant of summary judgment in favor of Defendants and its denial of the motion to compel discovery. We remand this matter to the trial court for further proceedings consistent with this opinion, including a determination of Defendants' motion for summary judgment in compliance with Rule 56.04 and Plaintiffs' motion to compel. We affirm the trial court's denial of Plaintiffs' motion to dismiss Florida Allegiant Power's counterclaim. Costs on appeal are taxed one-half to the appellants, Battery Alliance and Tennessee Allegiant Power, and one-half to the appellees, Florida Allegiant Power, Tom Wilson, Sam Fox, Tim Weyandt, Noel Sutton, Carleen Dinwiddie, Brandy Davis, and Eric Burrus.

_____
THOMAS R. FRIERSON, II, JUDGE

16