IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2019

**STATE OF TENNESSEE EX REL.,
AMANDA C. SENSING V. BRADLEY K. SENSING**

**Appeal from the Chancery Court for Williamson County
No. 42893      Michael Binkley, Chancellor**

_____

**No. M2017-02428-COA-R3-CV**

_____

The trial court denied Father's petition to modify child support. Because Father failed to establish his current gross monthly income, as necessary to prove a significant variance, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and CARMA DENNIS MCGEE, JJ., joined.

Erin Alexander White, Nashville, Tennessee, and Dan Richard Alexander, Old Hickory, Tennessee, for the appellant, Bradley K. Sensing.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Amber L. Seymour, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Amanda C. Sensing ("Mother") and Bradley K. Sensing ("Father") were divorced by a final decree entered by the Chancery Court for Williamson County on August 14, 2015. In accordance with the marital dissolution agreement and permanent parenting plan incorporated into the final decree, Mother and Father had equal parenting time with the parties' two minor children, and Father was required to pay Mother $1,414.00 a month in child support. At the time of the divorce, Father's gross monthly income was $22,500.00; Mother's gross monthly income was $1,256.67.

On May 25, 2017, the State of Tennessee filed, on Father's behalf, a petition for modification of his child support obligation. Father asserted that, since the entry of the last child support order, there was a significant variance between the amount of child support dictated by the child support guidelines and his existing child support obligation.

On the initial hearing date, August 10, 2017, the trial court reset the hearing and ordered Father to provide at the next hearing a list of documents, including individual and business tax returns for 2015 and 2016; and monthly balance sheets, gross business receipts, and other business records for 2017. Father's motion for modification was heard on October 23, 2017. The trial court entered an order on October 31, 2017, denying Father's request for modification. The court found that "there has not been any change in circumstances to meet the criteria for a modification of the child support."

Father filed a motion to alter or amend or, in the alternative, a motion for a new trial, on November 27, 2017. Due to an error in the trial court, this motion was not properly ruled upon until March 27, 2019. In a memorandum and order entered on the latter date, the trial court denied Father's motion to alter or amend and accepted the State's requests for corrections and modifications to Father's proposed statement of the evidence. Husband appealed.

On appeal, Father argues that the trial court erred (1) in treating a loan as a capital gain or, alternatively, in failing to consider a capital loss with the capital gain, and (2) in failing to modify his child support obligation.

STANDARD OF REVIEW

In cases tried without a jury, we review findings of fact de novo on the record with a presumption of correctness afforded to the trial court's findings, unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review questions of law de novo with no presumption of correctness. *Armbrister*, 414 S.W.3d at 692.

As to the trial court's decisions on child support, we apply the abuse of discretion standard of review. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). Under this standard, an appellate court cannot "substitute [its] discretion for that of the trial court," and the trial court's "decision will be upheld as long as it is not clearly unreasonable, and reasonable minds can disagree about its correctness." *Id.* (citations omitted). A trial court abuses its discretion "when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Id.* (citing *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003); *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001); *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)).

ANALYSIS

I. Capital gains.

We begin with Father's argument regarding capital gains. Father asserts that the trial court erred in considering money from a loan made by his now-defunct company, Air Affiliates, Inc., to him in the amount of approximately $1.3 million dollars as capital gains.

Under the caselaw and the pertinent child support guidelines, capital gains are to be included in gross income. *See* TENN. COMP. R. & REGS. 1240-02-04-.04(3)(a)(1)(xiii); *Moore v. Moore*, 254 S.W.3d 357, 360 (Tenn. 2007). In its order dated October 31, 2017, the trial court stated:

> The Court finds the Petition for Modification is denied as there has not been any change in circumstances to meet the criteria for a modification of the child support. The Court further finds that from Respondent's 2016 business tax returns (exhibit number 5), Respondent has a loan from shareholders as a loan from the business to Respondent in the amount of $1,369,220.00 which is represented on said tax return for the end of the tax year beginning May 1, 2016 through April 30, 2017. This was received as a loan from the corporation which is receivable to the corporation, which is now a defunct entity. If Respondent tries to forgive the loan, it will come back as personal income, which is additional personal income to him.

The record does not contain a transcript of the October 23, 2017 hearing at which the trial court ruled upon the petition for modification. As reflected above, there was a long delay between that hearing and the trial court's approval of the State's amendments to Father's proposed statement of the evidence as well as its ruling on Father's motion to alter or amend. The statement of the evidence provides, in pertinent part:

> 20. The Court directed Appellant's attention to Exhibit 6, page 9 where it shows "Stockholder Loans." The Court asked Appellant if that was where Appellant took a loan out in the amount of $1,449,237.94[1] dollars from the Company and ha[s] not paid it back to the Company yet. The Appellant stated that the money from this loan was used by the Appellant and Appellee during their marriage for personal expenses. The Appellant further stated to the Court that the 1.4 million was allocated as "stockholder loans" because Appellant could not afford to pay the payroll taxes on the 1.4 million. The Appellant stated to the Court that this 1.4 million was used to build a home for Appellant and Appellee during their

---

[1] The statement of the evidence uses a different loan amount than in the trial court's orders.

marriage and vacations during the marriage. The Appellant also testified that the loan was made in 2016 after the parties divorced. The Appellant stated to the Court that he borrowed the money from Air Affiliates, Inc., thinking he would pay it back but that Appellant was not able to pay it back and that it was allocated as a "stockholder loan" because he could not pay the payroll taxes.

21. The Court asked Appellant what was going to happen with the 1.4 million dollar stockholder loan. Appellant replied that he believed he would have to report it as a capital gain. The Court stated that the 1.4 million dollar stockholder loan would be reported on his 2017 personal income tax return and that Appellant would have to pay tax on it as income. The Appellant stated that he had a capital loss he would be reporting of an equivalent amount.

In his motion to alter or amend, Father asserted that the trial court had imputed 1.3 million dollars as income to him "based on speculation and not supported by the evidence presented to the Court." The trial court specifically rejected this argument in its memorandum and order dated March 27, 2019, in which it denied Father's motion to alter or amend:

It should be noted in Mr. Sensing's Motion to Alter or Amend, or, Alternatively, Motion for a New Trial, [he] stated as follows: "The Court further held that Mr. Sensing had additional personal income in the amount of one million three hundred sixty-nine thousand two hundred twenty dollars ($1,369,220.00)." This statement made by Mr. Sensing through his attorney is totally incorrect. This Court's Order of October 31, 2017 does not say what Mr. Sensing suggests. The Court's Order of October 31, 2017 stated additional facts after concluding the testimony and proof provided by Mr. Sensing in his request to modify child support did not meet the burden of Mr. Sensing's showing a change of circumstances to meet the well-known criteria for the modification of child support under the Child Support Guidelines and under Tennessee law. The Court simply noted in its October 31, 2017 Order that Mr. Sensing had a loan from shareholders as a loan from the parties' business to Mr. Sensing personally in the amount of $1,369,220, which he represented on his tax return for the end of the tax year beginning May 1, 2016 through April 30, 2017. The Order further reflected this amount of money was received as a loan from the corporation which is a receivable of the corporation which is now a defunct entity. The Court went on to say, if Respondent [Mr. Sensing] tries to forgive the loan, it will come back [to him] as personal income, which will be additional income to Mr. Sensing. The Court did not state, as suggested by Mr. Sensing in his Motion to Alter or Amend, this was in fact Mr. Sensing's additional income. The statement made by Mr. Sensing in his Motion to

Alter or Amend is wrong and is not reflected in this Court's Order of October 31, 2017.

In addition, it appears Mr. Sensing is making assumptions about what the Court did or did not consider with regard to his current income, but then goes on to say, after making this statement, this Court "based its opinion on speculation," but Mr. Sensing provides no basis for such a statement and again made the statement this Court was incorrect in stating Mr. Sensing had additional personal income in the amount of $1,369,220. Again, this statement by Mr. Sensing is simply wrong and is not what the Court's Order reflects.

Based upon the language of the orders issued by the trial court on October 31, 2017, and March 27, 2019, and the statement of the evidence, we find no support for Father's argument that the trial court imputed income to him based upon capital gains.

II. Denial of petition to modify child support.

Father asserts that the trial court erred in failing to modify his child support obligation. He makes a two-part argument: that the trial court applied an improper legal standard to the modification issue, and that the trial court erred in failing to modify his child support.

As to the legal standard question, Father avers that the trial court did not make a finding as to whether there was a significant variance, as required by the child support guidelines. Rather, Father asserts, the trial court considered whether there had been a change in circumstances. The basis of Father's argument is the following language from the trial court's October 31, 2017 order: "The Court finds the Petition for Modification is denied as there has not been any change in circumstances to meet the criteria for a modification of the child support."

Although the trial court should have used more precise language, Father's argument fails. Father rightly points out that the proper standard for determining whether child support should be modified is whether there is a significant variance between the obligor's existing child support obligation and the child support obligation calculated under the current child support guidelines based upon the obligor's current income. *See* Tenn. Code Ann. § 36-5-101(g)(1)(2017); TENN. COMP. R. & REGS. 1240-02-04-.05(2)(a); *Kaplan v. Bugalla*, 188 S.W.3d 632, 637 (Tenn. 2006). As the party seeking a modification of child support, Father had the burden of proving the existence of a significant variance. *Blackshear v. Blackshear*, No. E2012-02499-COA-R3-CV, 2014 WL 1092209, at *6 (Tenn. Ct. App. Mar. 19, 2014); *Jones v. Jones*, No. M2009-01512-COA-R3-CV, 2010 WL 2025403, at *5 (Tenn. Ct. App. May 20, 2010). Determining the income of the noncustodial parent "is the most important element of proof" in a

proceeding to modify child support. *Turner v. Turner*, 919 S.W.2d 340, 344 (Tenn. Ct. App. 1995); *see also Huntley v. Huntley*, 61 S.W.3d 329, 335 (Tenn. Ct. App. 2001).

The following excerpt from the statement of the evidence describes the evidence in the record concerning Father's income:

> 5. The Court asked Appellant how much money he was making. Appellant stated that he is a medical courier and makes five dollars and fifty cents ($5.50) a stop and sixty cents (.60) a mile. Appellant did not have the opportunity to give his total current gross monthly income. The Court stated that there is a statute whereby it can impute income it believes the Appellant is capable of making upon Appellant and that, if appropriate given the evidence presented, the Court would consider doing so.

There is no testimony regarding how many stops or how many miles Father covered in his position as a medical courier. Father did not testify as to his total gross monthly income. In his appellate brief, Father makes the statement that, "It is clear from the record and from the trial court's October 31, 2017 order that the trial court did not have a sufficient evidentiary foundation to deny Mr. Sensing's Petition to Modify as Mr. Sensing's current income was not inquired into and was not considered." Father's argument is without merit. The burden was upon him, not upon the trial court, to present a sufficient evidentiary foundation to support his motion to modify child support. We find no error in the trial court's conclusion that Father failed to carry his burden of proving that he was entitled to a decrease in his support obligation. *See Jones*, 2010 WL 2025403, at *6 (finding evidence did not preponderate against "trial court's finding that Father failed to carry his burden of proving a significant variance such that he is due a modification of child support").

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Bradley K. Sensing, for which execution may issue if necessary.

_____

ANDY D. BENNETT, JUDGE