FILED
02/25/2021
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 4, 2021 Session

## RONALD MERCER v. BRANDI CHIARELLA

**Appeal from the Chancery Court for Williamson County**
**No. 39936     Michael Binkley, Judge**

_____

### No. M2020-00602-COA-R3-CV

_____

This appeal arises from a petition by Father to modify his child support. Mother contested Father's request, ultimately filing a counter-petition wherein she argued that, based on Father's income, his child support obligation should be increased. The trial court found in favor of Father, and Mother filed a timely appeal. For the reasons contained herein, we affirm the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Dana C. McLendon, III, Franklin, Tennessee, for the appellant, Brandi N. Chiarella.

William P. Holloway and Michael T. Fort, Franklin, Tennessee, for the appellee, Ronald E Mercer.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Ronald E. Mercer ("Father") and Brandi Chiarella ("Mother") were never married and are the parents of a minor child ("Child") together.  Father resides in Brentwood, Tennessee. Mother resides in Chicago, Illinois and is the primary residential parent of Child.

On February 27, 2015, the trial court entered an order modifying the parties' previous parenting plan.  This modified parenting plan awarded Mother 279 days of custody and Father 86 days.  Father's child support obligation was set at $1,550.00 per

month.  Father was also charged with providing health insurance for Child.  On June 21, 2017, Father filed a petition to modify child support.  Mother responded to Father's petition, arguing that he was not entitled to a modification and that she was entitled to attorney's fees and costs.  It appears from the record that there was no further activity in the case until April 17, 2018, when Father filed a motion to amend his petition to modify child support.  In his motion, Father argued that Mother's income had increased and that his health insurance premium was now $331.00 per month.  On May 18, 2018, Mother filed an answer to Father's amended petition and also filed a counter-petition to modify child support, specifically arguing that Father should be required to pay one-half of Child's extracurricular activity expenses.  On June 19, 2018, Father filed an answer to Mother's counter-petition, asking that her counter-petition be dismissed and arguing that she failed to properly plead her request under Tennessee Code Annotated section 36-6-101 and/or section 36-6-403.

A final hearing on the parties' petitions was held on March 9, 2020.  A significant point of contention at the hearing was the matter of Father's income.  Father called his CPA, Sherry Conner, as a witness. Ms. Conner provided the trial court with a calculation of Father's income for child support purposes through her testimony and supporting documents.  According to Ms. Conner's testimony, Father derived the bulk of his present income from interest he received as a result of the repayment of loans he had made to others during his years as a professional basketball player.  These loans were repaid based on an amortization schedule, whereby a portion of the payment received by Father constitutes repayment of a portion of the loan's principal, while the remaining amount constitutes an interest payment on the loan.  Ms. Conner used the loans' amortization schedule and Father's 1099s to calculate the amount of interest received in a given calendar year.  According to Ms. Conner's calculations, Father's gross income for 2019 was determined to be $154,305.00.[1]  Ms. Conner performed the same calculations for Father's 2018 income, determining that his gross income for that year was $170,534.00.  Ms. Conner explained that the decrease in income from 2018 to 2019 was the result of the amortization schedule of the loan, wherein the interest payments received decline as the principal balance of the loan is repaid.  In her testimony, Mother stated that her gross income for 2019 was $121,387.91, while in 2018 it was $120,768.91.  Mother also argued that the trial court should set Father's income at approximately $26,000.00 per month based upon her own calculation of Father's personal spending.

In its order dated March 31, 2020, the trial court found justification for modifying Father's child support obligation.  Specifically, it found that Father's income for child support purposes was $154,305.00 per year,[2] while it determined that Mother earned

---

[1] Specifically, in determining Father's income, the evidence was that he received $1,470.00 from coaching at a basketball camp and $5,556.00 in dividend payments. The remainder of his income was determined to be interest received through various loan repayments.

[2] In its order, the trial court incorrectly stated Father's monthly income to be $12,867.00 per month, when the correct amount would be $12,858.75 per month based on a yearly income of $154,305.00.

$10,116.00 per month. The trial court also noted in its child support worksheet that Father paid monthly for Child's health insurance. Ultimately, the trial court set Father's child support at $838.00 per month and awarded Father his attorney's fees and expenses of $14,080.00. Mother thereafter filed a timely appeal with this Court.

## ISSUES PRESENTED

Mother raises four separate issues for our review on appeal:

1. Whether the trial court erred by finding that Father was not voluntarily underemployed.
2. Whether the trial court erred by not averaging Father's income for the previous two years.
3. Whether the trial court erred by not imputing a reasonable return on investment to Father's assets.
4. Whether the trial court erred in awarding Father attorney's fees.

Father presents only a single additional issue for our review:

1. Whether Father is entitled to attorney's fees on appeal.

## STANDARD OF REVIEW

This Court reviews non-jury cases *de novo* upon the record with a "presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise." *Dawson v. Dawson*, No. E2018-00990-COA-R3-CV, 2020 WL 1482451, at *7 (Tenn. Ct. App. Mar. 24, 2020) (citing Tenn. R. App. P. 13(d); *Bowen v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)). Thus, in order for us to find that the evidence preponderates against the trial court's findings of fact, the evidence must support a different finding of fact "with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). A trial court's determinations on witness credibility are "entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary." *Dawson*, 2020 WL 1482451, at *7 (citing *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011)).

As child support decisions require a certain amount of discretion at the trial court level, we review them under a deferential abuse of discretion standard. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). This standard requires a "less intense appellate review" and thus, a "less likelihood" that we will reverse the trial court's decision. *Id.* (citing *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999)). This Court does not have the ability to substitute our discretion for that of the trial court's. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Therefore, we will affirm a trial court's discretionary decision so long as it is not "clearly unreasonable" and "reasonable minds can disagree

about its correctness." *Richardson*, 189 S.W.3d at 725 (quoting *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001); *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). Nevertheless, while the trial court retains a certain amount of discretion in its decision, it still must take into account the applicable law and relevant facts. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). As such, a trial court will be found to have abused its discretion when it "applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Richardson*, 189 S.W.3d at 725 (citing *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003); *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001); *Overstreet v. Shoney's Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)).

## DISCUSSION

*Whether the Trial Court Erred by Failing to Impute Income to Father*

Mother first argues that the trial court erred when it failed to impute income to Father for purposes of his child support calculation. Specifically, she maintains that Father was voluntarily underemployed and has purposefully failed to earn money in order to avoid his child support obligations.

At the outset, we note that this issue was not raised before the trial court. During closing arguments, the trial court questioned Mother's counsel regarding this contention, wherein the following discussion occurred:

> TRIAL COURT: . . . Secondly, if, and you have to prove all of this, he is either underemployed, willfully underemployed or unemployed. There is no evidence in the record to that at all; is there?
> MOTHER'S COUNSEL: We did not argue that this time.
> . . .
> TRIAL COURT: Did you allege that he was underemployed?
> MOTHER'S COUNSEL: No. I did not.
> TRIAL COURT: Well, you are not before the Court on that.

It is well established that issues not raised before the trial court may not be raised for the first time on appeal. *Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003). As indicated by the exchange above, we find that Mother failed to raise this issue before the trial court. As such, this issue is waived on appeal. [3]

---

[3] Although Mother has waived this issue on appeal, we find it pertinent to note that, under current Tennessee law, the burden of proof is on the party asserting that the other parent is willfully underemployed. *Massey v. Casals*, 315 S.W.3d 788, 796 (Tenn. Ct. App. 2009). The Tennessee Child Support Guidelines do not presume that a parent is willfully underemployed. *Id.*; *see also* TENN. COMP. R. & REGS. 1240-02-040.04(3)(a)2(ii). Therefore, it is Mother's burden to prove that Father is willfully underemployed, rather than requiring Father to present evidence that he is *not* underemployed.

*Whether the Trial Court Erred by Not Averaging Father's Income for the Previous Two Years*

Mother next argues that the trial court erred by not averaging together Father's 2018 and 2019 income. In her brief, Mother requests that this Court vacate the trial court's order and remand with instructions that the trial court average at least two years, if not more, of Father's income for child support purposes.

Again, we note that, based upon our review of the record, Mother failed to raise this issue before the trial court. As previously established, issues not raised at the trial court level may not be raised for the first time on appeal. Because Mother is raising this issue for the first time before this Court, we find the issue waived.

*Whether Trial Court Erred by Not Imputing a Reasonable Return on Investment to Father's Assets*

Mother's third argument centers on her contention that the trial court erred when it failed to impute a reasonable return on investment to Father's assets. Specifically, Mother argues in her brief that "[a]ccording to the evidence, [Father] was receiving a return of his capital in the amount of approximately $175,000+- annually. A straight arithmetic analysis of 5% of that returned capital reveals that [Father] likely could have parlayed his returned capital into $8,750 annually." As such, Mother contends that this $8,750.00 figure should have been imputed to Father as income under the Tennessee Child Support Guidelines.

According to the applicable Tennessee Child Support Guidelines, additional gross income may be appropriately imputed to a parent "[w]hen the parent owns substantial non-income producing assets . . . based upon a reasonable rate of return upon the assets." TENN. COMP. R. & REGS. 1240-02-040.04(3)(a)2(iii). In the present case, however, we find no evidence in the record regarding Father's assets. This assertion regarding the reasonable return on Father's assets appeared in Mother's closing argument at trial during which the trial court questioned Mother's counsel as to what investments Father had to permit a reasonable rate of return. In response, Mother's counsel argued that the court should look back to its prior findings from 2013 and 2014 in order to determine a reasonable rate of return. However, the trial court declined, noting the length of time since those findings, as well as the lack of evidence presented by Mother on the actual investments or what a reasonable rate of return would be.

Consequently, we find no occasion to disturb the trial court's order. Mother failed to present any evidence at trial of Father's purported investments and similarly, on appeal, simply refers to approximations parlayed into an estimated figure without any citation to the record or a reference as to how she has calculated these particular figures and

estimations. As such, we do not find that the trial court erred by not imputing income to Father based upon a reasonable return on investment.

*Whether the Trial Court Erred in Awarding Father Attorney's Fees*

Finally, Mother argues that the trial court erred in awarding Father his attorney's fees at trial. In support of this, she cites Tennessee Code Annotated section 36-5-103(c), which states, in pertinent part:

> A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

Tenn. Code Ann. § 36-5-103(c).

The decision of whether to award a party attorney's fees is one left to the trial court's sound discretion. *See Sherrod v. Wix*, 849 S.W.2d 780, 784-85 (Tenn. Ct. App. 1992). We review an award of attorney's fees under the same abuse of discretion standard discussed earlier. *See Richardson*, 189 S.W.3d at 729. In support of her argument, Mother contends that Father is not entitled to an award of attorney's fees due to his lavish lifestyle. She also notes that the purpose of an award of attorney's fees is to protect the child's interests, rather than the parents' interests. As such, Mother argues that Child here "is no better off for his father's legal 'victory.'" Mother presents no further evidence or support for this contention regarding Child, other than noting her own income.

As indicated above, Tennessee Code Annotated section 36-5-103(c) is clear in its authority as to how fees may be awarded. In *Sherrod*, this Court noted that the "ability to pay should not be the controlling consideration with regard to awards for legal expenses in custody or support proceedings." *Sherrod*, 849 S.W.2d at 785. Although we may consider a requesting party's ability to pay as a factor, we do not consider it dispositive of the issue. *Id*.

Here, the trial court was well within its discretionary authority under section 36-5-103(c) to award Father his attorney's fees as the prevailing party in the underlying matter. We find no evidence in the record that supports Mother's contention that the trial court's award of attorney's fees to Father is an abuse of discretion.

*Whether Father is Entitled to Attorney's Fees on Appeal*

Father argues that he is entitled to his attorney's fees incurred for this appeal. In support of his argument, he relies on Tennessee Code Annotated sections 36-5-103(c) and 27-1-122.

Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Specifically, Father notes that Mother's appeal centers on issues that either were not brought before the trial court or for which she has produced no evidence in support thereof. Thus, Father submits that the trial court came to the only logical conclusion that could be reached, and he is thus entitled to an award of attorney's fees.

An award of attorney's fees on appeal is within this Court's sound discretion. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995) (citing *Sherrod*, 849 S.W.2d at 785). After reviewing the issues argued before this Court, we decline Father's request for attorney's fees on appeal under either Tenn. Code Ann. § 27-1-122 or Tenn. Code Ann. § 36-5-103(c).

## CONCLUSION

Based on the foregoing reasoning, we affirm the trial court's order modifying Father's child support and deny Father's request for attorney's fees on appeal.

        s/ Arnold B. Goldin
        ARNOLD B. GOLDIN, JUDGE