IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 14, 2021 Session

## JOHN C. HELTON v. ESTHER R. HELTON

**Appeal from the Circuit Court for Hamilton County**
**No. 16D276   William B. Acree, Senior Judge**

————————————————————

**No. E2020-00599-COA-R3-CV**

————————————————————

This is an appeal from the trial court's judgment finding Husband in civil contempt for his failure to comply with certain monetary obligations under the parties' final decree of divorce. In addition to finding Husband in contempt, the court entered a monetary judgment against Husband and awarded Wife attorney's fees in connection with the proceedings. Husband argues that the trial court erred in finding him in civil contempt, contending that he does not have the present ability to pay.  He does not object to any other aspect of the trial court's order, including the judgment entered against him.  For her part, Wife raises an issue regarding the amount of the trial court's award of her attorney's fees. We vacate the trial court's finding Husband in civil contempt and remand for reconsideration of Husband's ability to pay, and we further vacate the trial court's award of Wife's attorney's fees and remand for reconsideration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in part and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and J. STEVEN STAFFORD, P.J., W.S., joined.

Barry L. Gold, Chattanooga, Tennessee, for the appellant, John C. Helton.

John R. Anderson and Katherine H. Lentz, Chattanooga, Tennessee, for the appellee, Esther R. Helton.

BACKGROUND AND PROCEDURAL HISTORY

John C. Helton ("Husband") and Esther R. Helton ("Wife") divorced on July 20, 2016. Incorporated into the parties' final decree of divorce was a marital dissolution agreement ("MDA"). Pursuant to the MDA, Husband was to pay Wife alimony in the amount of $4,000.00 per month until the marital home sold[2] and, thereafter, $5,000.00 per month until Wife turns 70, remarries, cohabitates with a non-relative, or either party dies. The MDA also provided that Husband was responsible for the parties' son's student loan debt. The "Noncompliance" provision of the MDA provided that, in the event of legal fees incurred as a result of a breach of any portion of the agreement, the court shall award the non-defaulting party attorney's fees and court costs.

On April 11, 2018, Wife filed a petition for contempt, alleging that Husband had failed and refused to be responsible for their son's student loan debt. On May 21, 2018, Husband filed an answer to Wife's petition for contempt, as well as a counter-petition for contempt and modification. In his pleading, Husband denied Wife's contempt allegations, contending that the student loans were in "deferment" and thus he could not be in contempt. Additionally, Husband sought modification of the alimony award stipulated in the MDA, arguing that a material change of circumstances had occurred, rendering Husband unable to pay the alimony.[3] Wife subsequently filed a motion asking the court for leave to file an amended petition for contempt to add a claim against Husband for "willful failure and refusal to satisfy his monthly [] alimony obligation." On August 8, 2019, the trial court granted Wife's motion to allow her to amend her petition for contempt.

The matters between the parties came to be heard on February 14, 2020 in the Circuit Court of Hamilton County, Tennessee. In its final order, the trial court found that Husband had violated the final decree of divorce by failing to pay his son's student loan debt and failing to pay Wife alimony as ordered.[4] Specifically, the trial court found that Husband was in arrears in the amount of $55,000.00 for unpaid alimony and had also failed to make

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Wife remained in the marital residence until it sold in April of 2018.

[3] Specifically, with regard to his petition for modification, Husband alleged that, due to the two-year maintenance of the marital residence until it sold, as well as utilities, alimony, and support for the parties' son, he was unable to continue to pay his MDA alimony obligations, as well as his other bills.

[4] The trial court also dismissed Husband's counter-petition for contempt and modification.

any payments toward his son's student loan debt[5] per the parties' MDA. The trial court also found Husband's actions to be willful and entered a judgment against him as a result of his noncompliance with his monetary obligations. Per the judgment, Wife was awarded $55,000.00 for the arrearages of alimony and $5,000.00 for attorney's fees. Additionally, Husband was ordered to resume paying alimony to Wife as ordered under the final decree of divorce. Thereafter, Husband filed a timely notice of appeal.

## ISSUES PRESENTED

Husband raises a single issue for our review on appeal, which we restate as follows:

1. Whether the trial court erred in finding Husband in civil contempt.

Wife raises two separate issues for our review on appeal:

1. Whether the trial court erred in failing to award Wife more of her reasonable attorney's fees incurred in the proceedings.

2. Whether Wife is entitled to an award of reasonable attorney's fees on appeal.

## DISCUSSION

### *Whether the Trial Court Erred in Finding Husband in Civil Contempt*

Husband appeals only the trial court's finding that he was in contempt of the parties' final decree of divorce by failing to pay Wife alimony and failing to pay the parties' son's student loan debt. Specifically, Husband argues that he was not willful in his actions such as to warrant the finding of contempt. By his own admission, Husband is appealing *only* the finding of contempt and nothing more.[6] Based on the analysis set forth below, we conclude that the trial court erred in not making a finding whether or not Husband had an ability to pay the ordered alimony prior to finding him to be in contempt of the parties' final decree.

This Court reviews a trial court's finding of civil contempt under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008) (citing *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993)). A trial court will be found to have abused its discretion when it "strays beyond the framework of

---

[5] At the beginning of the trial for the underlying proceedings, Husband's counsel announced that Husband had executed a "Repay Form" relative to son's student loan debt, as requested by Wife.

[6] Of note is the fact that Husband is both an attorney and a municipal court judge. As such, we are understanding of his concern, as a member of the bar, to avoid a finding of contempt.

the applicable legal standards or when it fails to properly consider the factors customarily used to guide that discretionary decision." *Id.* (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). These discretionary decisions must consider "applicable law and relevant facts." *Id.* (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). As such, a reviewing court will only set aside a trial court's discretionary decision when it "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Id.* (citing *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003)).

In *Konvalinka v. Chattanooga-Hamilton County Hospital Authority*, the Tennessee Supreme Court noted that a civil contempt claim must satisfy four "essential elements." *See id.* at 354. According to the Supreme Court,

> [f]irst, the order alleged to have been violated must be 'lawful.' Second, the order alleged to have been violated must be clear, specific, and unambiguous. Third, the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order. Fourth, the person's violation of the order must be 'willful.'

*Id.* at 354–55 (internal citations omitted). In terms of a civil proceeding, willful conduct

> consists of acts or failures to act that are intentional or voluntary rather than accidental or inadvertent. Conduct is 'willful' if it is the product of free will rather than coercion. Thus, a person acts 'willfully' if he or she is a free agent, knows what he or she is doing, and intends to do what he or she is doing.

*State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Grp. Trust*, 209 S.W.3d 602, 612 (Tenn. Ct. App. 2006) (internal citations omitted). Importantly, as is relevant here, "[i]n order to find that failure to pay alimony and child support was contemptuous, 'the court first must determine that [the obligor] had the ability to pay at the time the support was due and then determine that the failure to pay was willful.'" *State, ex rel. Cottingham v. Cottingham*, No. M2008-02381-COA-R3-CV, 2010 WL 2943283, at *2 (Tenn. Ct. App. July 27, 2010) (quoting *Ahern v. Ahern*, 15 S.W.3d 73, 78–79 (Tenn. 2000)). Therefore, when a party is seeking to hold another party in civil contempt for failing to pay support obligations, a finding of contempt is not permissible absent a finding that the party has an ability to pay the obligations. *See also Konvalinka*, 249 S.W.3d at 355.

At the outset, we again note that, based on Husband's brief and his counsel's comments at oral argument, Husband is appealing *only* the *finding* of civil contempt. Nowhere in his brief does Husband assert that the judgment against him for noncompliance is erroneous, nor does he take issue with any other aspect of the court's order. In fact, Husband does not appear to argue that he was in compliance with the final decree of

divorce. Rather, he is concerned only with the adjudication of contempt. As such, we concern ourselves only with the portion of the trial court's order wherein it found Husband to be in civil contempt.

In its order, the trial court found that, regarding both the issue of the parties' son's student loan debt, as well as the unpaid alimony, Husband's violation was "willful." However, nowhere in its written order, nor in its incorporated bench opinion attached thereto, is there a finding by the trial court regarding Husband's ability to pay. The trial court only notes that Husband's noncompliance is "willful," with no further explanation. Moreover, the trial court expressly found that "[Husband's] financial situation is dire and his income is substantially less than what it had been several years earlier." Instead of supporting a finding of contempt, this consideration by the trial court tends to support the contention that Husband did *not* in fact have an ability to pay. Thus, we cannot agree that the trial court's own express findings favor an adjudication of contempt when they instead allude to Husband's lack of ability to pay.

Because the trial court made no such finding, it could not find that he was in contempt. As such, we vacate that part of the trial court's order finding Husband in contempt and remand for a reconsideration by the trial court of Husband's ability to pay. Upon reconsideration, the trial court should prepare written findings explaining its decision. Although we vacate the trial court's finding of contempt, we do not disturb Wife's judgment against Husband for his nonpayment of alimony. Again, Husband is appealing *only* the trial court's finding of contempt and nothing else.[7]

*Whether Wife is Entitled to Additional Attorney's Fees at the Trial Court Level*

This Court has previously addressed an appellate court's review of an award of attorney's fees, explaining as follows:

> Normally, this court will afford the trial judge who has handled the pre-trial proceedings and presided over the trial considerable discretion in determining a reasonable attorney's fee. *Jerry T. Beech Concrete Contractor, Inc. v. Larry Powell Builders, Inc.,* No. M2001-02709-COA-R3-CV, 2003 WL 726955 at *3 (Tenn. Ct. App. M.S., filed March 4, 2003). When the trial court has exercised its discretion in light of the appropriate factors and found the fee to be reasonable, we simply review for abuse of discretion. *Id.* Where, however, there is no finding that the fee is reasonable, and no way to ascertain whether the court made the award in light of the appropriate factors, there is no way for us to accord the normal deference to the trial court.

---

[7] As a result, we do not find our review on this portion of the appeal dispositive of Wife's issue on attorney's fees. As we have alluded to, Husband has not challenged the award of Wife's attorney's fees, nor her entitlement to a judgment or general entitlement to attorney's fees.

. . . Where a trial court awards a fee, but there is nothing in the record to indicate that the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award.

*First Peoples Bank of Tenn. v. Hill*, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010). In exercising their discretion, courts should determine "the reasonableness and appropriate amount of [attorney's fee awards] pursuant to the factors set out in [] Tennessee Supreme Court Rule 8." *Eberbach v. Eberbach*, 535 S.W.3d 467, 479 (Tenn. 2017) (citing Tenn. Sup. Ct. R. 8, Rule 1.5).[8] On appeal, Wife argues that the trial court erred by awarding her substantially less attorney's fees than she requested.[9] At trial, Wife testified that she had incurred $14,000.00 in attorney's fees. However, in its order, the trial court awarded Wife

---

[8] Tennessee Supreme Court Rule 8, Rule 1.5 states, in pertinent part:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, Rule 1.5.
[9] Based on Wife's brief, we understand her request to only pertain to fees relating to her own post-divorce proceedings rather than fees incurred in connection with Husband's post-divorce proceedings. As such, we will address this issue only in this regard.

only $5,000.00 for her attorney's fees without further explanation for the reduction. It is unclear, based on this order and the record before us on appeal, the basis for the trial court's award that is $9,000.00 less than the amount Wife requested. Moreover, there is no reference or discussion as to the reasonableness of Wife's attorney's fees, and there is no indication what factors or other information the trial court took into consideration in determining its award. As such, we cannot properly evaluate Wife's assertion that the fees awarded to her were improper. We, therefore, vacate the award of Wife's attorney's fees and remand the issue to the trial court for reconsideration of a reasonable attorney's fee. Upon reconsideration, the trial court should prepare written findings explaining its reasoning in making its award.

*Whether Wife is Entitled to Attorney's Fees on Appeal*

"An award of appellate attorney's fees is a matter within this Court's sound discretion." *(Cooley) v. Cooley*, 543 S.W.3d 674, 689 (Tenn. Ct. App. 2016) (quoting *Chaffin v. Ellis*, 211 S.W.3d 264, 294 (Tenn. Ct. App. 2006)). However, in determining whether an award of attorney's fees on appeal is appropriate, this Court will consider "the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the requesting party sought the appeal in good faith, and any other equitable factors that need be considered." *Id.* (citing *Chaffin*, 211 S.W.3d at 294).

In her brief, Wife argues that she is entitled to an award of attorney's fees on appeal "for defending against Husband's appeal." In light of our decision to vacate the trial court's ruling on Husband's contempt and our remand for reconsideration by the trial court, we deny Wife's request for appellate attorney's fees.

## CONCLUSION

Based on the foregoing, we vacate the trial court's order to the extent that it adjudicated Husband in civil contempt and remand for reconsideration and for the court to make written findings concerning Husband's ability to pay. We also vacate the award of attorney's fees to Wife, remanding that issue for reconsideration and written findings in light of our discussion herein.

    s/ Arnold B. Goldin           
ARNOLD B. GOLDIN, JUDGE
